IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERNWESTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 21-81207-CRJ12 |
| | ) | CHAPTER 12 |
| CLAUDE PRICE COUNTS, III | ) | |
| | ) | |
| DEBTOR | ) | |

**OBJECTION TO CONFIRMATION OF CHAPTER 12 PLAN
BY NUTRIEN AG SOLUTIONS, INC.**

---

**Nutrien Ag Solutions, Inc. ("Nutrien")**, an unsecured creditor and party in interest, pursuant to 11 U.S.C. § 1225 *et seq*. and Rules 3015 of the Federal Rules of Bankruptcy Procedure, hereby objects to the Plan filed by **Claude Price Counts, III** ("Debtor") dated November 8, 2021 [Doc. 54] (the "Plan"), and states as follows:

1. On April 16, 2018, Nutrien, as a condition to the extension of credit, required Claude Price Counts, III individually and d/b/a Count Farms, and Tommy Lorne Counts, as co-applicant, to execute and deliver a Customer Profile (the "Contract"). Debtor established two primary accounts under the Contract including a Main Account ("Account 2979") and a Wheat Account (Account "9084"; collectively the "Accounts").

2. On February 6, 2019, Debtor executed and delivered a Terms Exception Agreement for Account 9084.

3. Nutrien sold and delivered goods and services to Debtor for their farming operation pursuant to the terms stated in the Contract.

4. At the time of the petition filed in this case, Nutrien and the Debtor were parties to Nutrien Ag Solutions, Inc., v. Claude Price Counts, III, et al., in the Northern District of

1

Alabama, Case No. 3:20-CV-010409-LCB, filed by Nutrien seeking recovery of the outstanding debt by the Debtor.

5. On September 9, 2021, Nutrien timely filed a proof of claim against the Debtor in the sum of $1,182,741.25. [Claim 11].

6. On September 9, 2021, Nutrien timely filed another proof of claim against the Debtor in the sum of $62,472.87. [Claim 12].

**ARGUMENT**

7. Nutrien, as the largest unsecured creditor, objects to confirmation of Debtor's Chapter 12 Plan as it does not comport with the requirements set forth in 11 U.S.C. § 1225.

8. In order for a plan to be confirmable, the Code requires satisfaction of the "best interest of the creditor's test." The 'best interest of creditors' test provides in its simplest terms that so long as a dissenting creditor receives as much as it would receive in a Chapter 7 liquidation case, the test is met." In re Johnson, 101 B.R. 307, 308 (Bankr. M.D. Fla. 1989). Thus, the best interest of the creditors test essentially provides that claimholders who are impaired, as defined by the Code, under a plan must be paid the present value of their respective claims as of the effective date of the plan and that value must be greater than or equal to what those claimholders would respectively receive in a Chapter 7. See generally, In re Cassis Bistro, Inc., 188 B.R. 472, 475 (Bankr. S.D. Fla. 1995); In re Tranel, 940 F.2d 1168 (8th Cir. 1991).

9. As it stands, Debtor's current Chapter 12 Plan does not show a demonstratable way to determine if it would be in the "best interest of the creditors." The Debtor makes a mere blanket assertion that the value of the property equal or exceeds the amount that would be paid under a Chapter 7 liquidation. Without a liquidation analysis, the Debtor's assertion is based

entirely on speculation and fails to meet the "best interest of the creditor's test" under 11 U.S.C. § 1225(a)(4).

10. Debtor's plan is not feasible. The Chapter 12 feasibility standard is fundamentally a factual question since it depends upon determination of reasonable probability of payment. In re Howard, 212, B.R. 864 (Bankr E.D. Tenn., 1997).

11. Debtor's projected income is based on the auction, sale, and transfer of Estate assets. This is highly speculative considering that Debtor's interest in certain real property is an inherited undivided ¼ interest. Even accounting for the co-debtor, Tommy Lorne Counts, inherited undivided ¼, the economic feasibility in selling a ½ interest in property seems highly speculative. As outlined in the *Objection by Trustee to Debtor's Motion for Authority to Sell Real Property Free and Clear of All Liens and Encumbrances* [Doc. 47 ¶6], there is a lack of evidence surrounding the Debtor's interest in these properties or if Debtor has the authority to sell. Furthermore, Debtor's Plan blanketly assumes his projected income will be sufficient to pay off creditors without any sort of analysis. Thus, the speculative nature of this plan renders it infeasible as it is impossible to determine the reasonable probability of payment.

12. Nutrien hereby reserves all rights and claims with respect to all issues pertaining to the confirmation of the proposed Plan, including but not limited to further objections to the same, as additional grounds for objecting to the plan may exist.

WHEREFORE, Nutrien respectively requests this Court to enter an order denying confirmation of the Plan, dismissal of the case, and for such other and further relief the Court seems just and proper.

Respectfully submitted this 8th day of December 2021.

                                              s/ Patrick L.W. Sefton
                                              Patrick L. W. Sefton
                                              Bowdy J. Brown
                                              Attorneys for Nutrien Ag Solutions, Inc.

OF COUNSEL:
Sasser, Sefton & Brown, P.C.
P. O. Box 4539
Montgomery, AL 36103-4539
Telephone: (334) 532.3400
Facsimile: (334) 532.3434
Email: psefton@sasserlawfirm.com
Email: bbrown@sasserlawfirm.com

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the above foregoing pleading has been e-filed using the CM/ECF system, which will send notification of such filing to counsel and parties of record and has been served upon the following electronically on this the 8th day of December 2021:

Stuart M. Maples
Maples Law Firm, P.C.
200 Clinton Avenue West, Suite 1000
Huntsville, AL 35801
smaples@mapleslawfirmpc.com
**Attorney for Debtor**

Richard Blythe
U.S. Bankruptcy Administrator
P.O. Box 3045
Decatur, AL 35602
richard_blythe@alnba.uscourts.gov

Michele T. Hatcher
Chapter 13 Trustee
P.O. Box 2388
Decatur, AL 35602
ecf@ch13decatur.com

                                              s/ Patrick L.W. Sefton
                                              Of Counsel